■ WILLIAM LYONS et al., Respondents, v. DURAND MACHINERY, INC., et al., Appellants.— Appeal by defendants from an order of the Supreme Court at Special Term, entered April 11, 1972 in Ulster County, which denied defendants' motion for summary judgment. Plaintiffs are husband and wife employees of a family corporation which owns and operates a fruit farm. They allege in their complaint that the defendants, either or both, manufactured, sold and installed at the corporation's place of business a certain piece of equipment used in processing fruit. The first cause of action, based on negligence, alleges, among other things, that defendants negligently caused injuries to plaintiff wife in that the machine was improperly designed and installed, and defendants failed to warn plaintiffs of the dangerous condition. A second cause of action is alleged for breach of implied warranty, a third is based on strict liability and a fourth, the husband's derivative action. Defendants contend that plaintiff wife on this record was guilty of contributory negligence as a matter of law. They rely largely on *Walk* v. *Case Co.* (36 A D 2d 60). The *Walk* case is readily distinguishable. There the court granted a motion to dismiss the complaint at the close of plaintiff's case, whereas here we are dealing with a motion for summary judgment. Furthermore, in the *Walk* case the defect which caused the plaintiff's injury was patent, and there was a warning plate on the machine cautioning that it should be shut off before attempting to correct the difficulty. The plaintiff chose to clean the machine while it was in operation. In the instant case plaintiff wife was attempting to move apples along a conveyor belt as they came out of an oven. While she was engaged in this activity her finger was injured. The record reveals that it is the contention of the plaintiffs that the machine contained a latent defect, and it was not marked with a warning sign to advise its users of possible danger. Plaintiffs propose to produce expert testimony to show that there should have been a " pinch point " guard and a warning. Questions of fact are presented which should be determined only after a trial. Special Term properly denied the motion for

summary judgment. Order affirmed, with costs. Herlihy, P. J., Sweeney, Kane and Reynolds, JJ., concur; Staley, Jr., J., not voting.